PEOPLE v SYKES

Docket No. 53048. Submitted December 3, 1981, at Grand Rapids.—
Decided June 9, 1982.

Tommie L. Sykes, Jr., was convicted of felonious assault following
an incident in which he shot his wife, Kalamazoo Circuit Court,
Charles H. Mullen, J. Defendant appeals, alleging that the
corpus delicti was not established independently from state-
ments attributed to the defendant and that the trial court
erred in denying defendant's wife the opportunity to invoke the
marital privilege when she wished not to testify. *Held:*

1. The corpus delicti of felonious assault was sufficiently
established by statements made by the defendant when he
called the police and told them he had shot his wife during an
argument. The call was made immediately following the shoot-
ing and the defendant's statements were properly ruled to be
excited utterances within the meaning of that exception to the
hearsay rule. The statements were therefore admissible to
establish the corpus delicti of the offense.

2. The trial court ruled that the defendant's wife, the victim,
could not invoke the marital privilege and compelled her
testimony. This was error. The statutory exception to the
marital privilege which allows a spouse to testify where the
action arises from a wrong or injury done by one spouse to the
other is a permissive exception. It allows the injured spouse to
testify if he or she wishes to do so but does not compel such
testimony.

3. In this case the error of compelling the wife's testimony
was not harmless because without the wife's testimony the
evidence of the defendant's criminal culpability was slight.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21A Am Jur 2d, Criminal Law § 952.
29 Am Jur 2d, Evidence § 149.
[3] 6 Am Jur 2d, Assault and Battery § 48.
[4] 29 Am Jur 2d, Evidence § 610.
[5] 41 Am Jur 2d, Husband and Wife § 488.
81 Am Jur 2d, Witnesses § 167.
[6] 5 Am Jur 2d, Appeal and Error § 776.

1. Criminal Law — Corpus Delicti — Extrajudicial Statements.

   A prosecutor must establish the corpus delicti of a charged offense, by introducing evidence from which the trier of fact may reasonably find that acts constituting all the essential elements of the offense have been committed and that someone's criminality was responsible for the commission of those acts, before an extrajudicial statement of the defendant may be introduced into evidence.

2. Criminal Law — Corpus Delicti — Reasonable Inferences.

   A prosecutor is not required to submit proof beyond a reasonable doubt in establishing the corpus delicti of an offense prior to introduction of a defendant's extrajudicial statement; the evidence is sufficient if it justifies a reasonable inference of culpability on each of the essential elements of the offense.

3. Assault and Battery — Felonious Assault.

   The elements of felonious assault are (1) an assault and (2) the use of a deadly weapon (MCL 750.82; MSA 28.277).

4. Criminal Law — Corpus Delicti — Extrajudicial Statements.

   An extrajudicial statement of a defendant may be used to prove the corpus delicti of an offense where the statement is not simply an admission but also falls within another exception to the hearsay rule which gives an additional indication of the truth of the statement.

5. Husband and Wife — Marital Privilege — Statutes.

   The statutory marital privilege does not prevent one spouse from testifying against the other where the cause of action grows out of a personal injury or wrong done by one spouse to the other; however, this exception to the privilege is a permissive one which allows the victim to testify if he or she wishes to do so but does not require such testimony (MCL 600.2162; MSA 27A.2162).

6. Appeal — Error — Harmless Error.

   The standard for determination of whether error may be considered harmless involves a dual inquiry: (1) was the error so offensive to the maintenance of a sound judicial system as to require reversal, and (2) if not, was the error harmless beyond a reasonable doubt; if it is reasonably possible that, in a trial free of the error complained of, even one jury member might have voted to acquit the defendant, the error was not harmless.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James A. Christopherson,* Assistant Prosecuting Attorney, for the people.

*DeVries & Lamb, P.C.,* for defendant on appeal.

Before: BEASLEY, P.J., and M. F. CAVANAGH and M. B. BREIGHNER,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of felonious assault, in violation of MCL 750.82; MSA 28.277. Defendant was fined, assessed attorney's fees and placed on probation for 3 years, the first 60 days of which were to be served in the Kalamazoo County jail on a work release program. Defendant was released on a post-conviction bond and now appeals by right.

Defendant first argues that the prosecution did not offer sufficient proof to establish the corpus delicti of the offense of felonious assault. Defendant maintains that, absent the statements attributed to him, the prosecution's proofs at the close of its case failed to establish any evidence of criminal intent on the part of defendant.

Prior to the admission of an extrajudicial statement by a defendant, the prosecutor must establish the corpus delicti of the charged offense by introducing:

"'* * * evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that someone's criminality was responsible for the commission of those acts." *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *adopting People v Allen,* 39 Mich App 483, 496; 197 NW2d 874 (1972) (LEVIN, J., *dissenting).*

* Circuit judge, sitting on the Court of Appeals by assignment.

In establishing the corpus delicti prior to the admission of a defendant's extrajudicial statement, the prosecutor is not required to submit proof beyond a reasonable doubt. Evidence justifying a reasonable inference of culpability on each of the essential elements of the offense is sufficient. *People v Michael Johnson,* 105 Mich App 498, 504; 307 NW2d 357 (1981).

The elements of felonious assault consist of: (1) an assault, and (2) the use of a deadly weapon. MCL 750.82; MSA 28.277. A simple criminal assault consists of either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978).

We find that the corpus delicti of felonious assault was in fact established. The corpus delicti is established when there has been a specific loss or injury which has been caused by the criminality of an individual. *People v Randall,* 42 Mich App 187, 189; 201 NW2d 292 (1972). There was obviously an injury here, caused by a shotgun blast in the living room of defendant's home. The fact of the injury and the criminality of defendant were established by statements made by defendant over the phone to the police dispatcher. Defendant stated that he had shot his wife and that the shooting was the result of a family argument. Thus, evidence of an assault and the use of a deadly weapon was established.

Although as a general rule the corpus delicti cannot be established by the extrajudicial confession of the accused, *People v Barron,* 381 Mich 421; 163 NW2d 219 (1968), certain exceptions have been carved out of this general rule. When a defendant's statement is not simply an admission,

but also falls within another exception to the hearsay rule "which gives an additional indication of truth", the statement is admissible to prove the corpus delicti. *Randall, supra,* 191. In *People v Meyer,* 46 Mich App 357; 208 NW2d 230 (1973), this Court held that:

"Since an admission satisfying the spontaneous utterance exception provides a verifying indicator of truthfulness and reliability, it may be admitted for the purposes of establishing the corpus delicti." *Id.,* 366.

We find that the statements made by the defendant over the phone to the police qualify as statements relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event. The call was made immediately after the shooting, and defendant was characterized by both dispatchers as being very excited. The statements related to the shooting event itself. Therefore, the trial court was correct in ruling that defendant's statements were excited utterances within the meaning of MRE 803(2). In light of this evidence, we find that the prosecutor established the corpus delicti of the crime of felonious assault.

Defendant also argues that the trial court erred in ruling that the victim, defendant's wife, could not invoke the marital privilege. We agree.

The marital privilege statute, MCL 600.2162; MSA 27A.2162, provides in pertinent part:

"A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent, except * * * where the cause of action grows out of a personal wrong or injury done by one to the other, * * * nor shall either, during the marriage or afterwards, without the

consent of both, be examined as to any communication made by one to the other during the marriage * * *."

As noted by this Court in *People v Wadkins,* 101 Mich App 272; 300 NW2d 542 (1980), the spousal privilege statute incorporates two common-law privileges. The "confidential communications privilege" applies to any confidential communications made during the marital relationship, regardless of whether the parties are married at the time of the suit. The "spousal privilege" prohibits testimony of one spouse concerning the other spouse, without the consent of the other, so long as the parties are married at the time of the suit.

The existence of the spousal privilege has been justified on the basis of the need to preserve marital harmony, which could be disrupted by requiring one spouse to testify for or against the other spouse when the nontestifying spouse does not consent to such testimony. However, where the cause of action grows out of a personal injury or wrong done by one spouse to the other there is no just reason for preventing the victim-spouse from testifying. In such a case, the need to preserve marital harmony is no longer compelling; presumably the wrong or injury has already disrupted such harmony. It is for these reasons the statute expressly provides that the "spousal privilege" does not apply where the cause of action grows out of a personal wrong or injury done by one spouse to the other.

This exception was carved out for the benefit of the victim-spouse who wishes to testify regarding such a wrong or injury. We hold that the statutory exception to the spousal privilege is a permissive one. It allows the victim-spouse to testify against the defendant-spouse if the victim so desires. We do not interpret the exception to *require* the vic-

tim-spouse to testify against the defendant-spouse when the cause of action grows out of a personal injury or wrong done by the defendant to the victim. Although there is a presumption that marital harmony no longer exists when one spouse injures another, this is not conclusive. If the victim-spouse does not want to testify, and there is no indication that such a reluctance stems from fear of the defendant, some marital harmony may still exist between the parties. This is what the marital privilege statute aims to protect, and the statute's purpose should not be undercut by interpreting the exception as requiring the victim's testimony.

In this case, the record is clear that defendant's wife raised the marital privilege. She informed the court on several occasions that she did not want to testify against her husband. The trial court considered her attempted invocation of the privilege and then found that the privilege was inapplicable. We hold this was reversible error. Since the statutory exception to the spousal privilege is permissive and is for the benefit of the victim-spouse, it is the victim's option to either testify or raise the spousal privilege. The trial court erred in compelling defendant's wife to testify against her wishes. We find that such error resulted in prejudice to the defendant because, although the wife's testimony at trial was favorable to the defendant, the wife's prior inconsistent statements regarding defendant's threats to her were also admitted.

Having determined that the trial court erred in compelling defendant's wife to testify, it must be determined whether such error was harmless. The standard for harmless error involves a dual inquiry: (1) Was the error so offensive to the maintenance of a sound judicial system as to require reversal, and (2) if not, was the error harmless

beyond a reasonable doubt? *People v Sherman Hall,* 77 Mich App 456, 461; 258 NW2d 517 (1977). If it is reasonably possible that, in a trial free of the error complained of, even one jury member might have voted to acquit the defendant, the error was not harmless and the defendant must be retried. *People v Swan,* 56 Mich App 22, 33; 223 NW2d 346 (1974). We find that, without the wife's compelled testimony, the evidence of defendant's criminal culpability was indeed slim. Therefore, the error was not harmless and reversal is required.

In light of our decision, we need not address defendant's remaining issues on appeal.

Reversed and remanded.