## PEOPLE v FORDHAM

Docket No. 62870. Submitted May 4, 1983, at Grand Rapids.—Decided February 7, 1984. Leave to appeal applied for.

Defendant, Lomon Fordham, Jr., was convicted by a jury in the Recorder's Court for the City of Detroit of armed robbery and possession of a firearm in the commission of a felony. The trial court, Leonard Townsend, J., sentenced defendant to from 20 to 40 years imprisonment on the armed robbery conviction and 2 years on the felony-firearm conviction. Defendant appeals alleging instructional and other errors. *Held:*

1. The trial court committed reversible error in its jury instruction on armed robbery. The trial court's instruction omitted an essential element of an assault, that of placing another in reasonable apprehension of receiving an "immediate" battery, and, hence, omitted a necessary element of armed robbery.

2. The trial court's jury instruction on armed robbery was also erroneous so as to require reversal because it contained an incomplete statement of the larcenous intent necessary for an armed robbery. The instruction did not indicate that such larcenous intent is the intent to deprive the owner of his property "permanently".

3. The conviction for armed robbery is reversed. Appellate review was not precluded, despite defendant's failure to request

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery § 4.
  Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.
[2] 6 Am Jur 2d, Assault and Battery § 3.
[3] 67 Am Jur 2d, Robbery §§ 15, 16.
[4, 5] 5 Am Jur 2d, Appeal and Error § 623.
  75 Am Jur 2d, Trial § 713.
[6] 75 Am Jur 2d, Trial §§ 419, 756, 763, 764.
[7] 21 Am Jur 2d, Criminal Law § 267.
[8] 5 Am Jur 2d, Appeal and Error § 553.
[9] 67 Am Jur 2d, Robbery §§ 68, 69, 73.
  Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery. 58 ALR2d 808.

correct instructions or object to those given, since the trial court failed to instruct on an essential element of the crime.

4. Defendant's conviction for felony-firearm is also reversed since the errors in the instructions could have influenced the jury's finding that defendant committed or attempted to commit a felony.

5. The trial court did not err in failing to *sua sponte* instruct the jury pursuant to the rule of *People v Davenport,* 39 Mich App 252 (1972). Such rule applies only where the people's case depends entirely upon circumstantial evidence. Here, the people introduced direct evidence.

6. The defendant's convictions for both armed robbery and felony-firearm do not violate the Double Jeopardy Clause.

Reversed and remanded.

P. R. JOSLYN, J., dissented from the conclusion that defendant's convictions must be reversed because of the errors in the instructions. He believes that the facts indicate that the elements erroneously instructed upon were not actually placed at issue before the fact finder. The absence of timely objection at trial precludes appellate review of the claimed errors absent manifest injustice. Here, there were no timely objections and no manifest injustice. He would affirm the defendant's convictions.

OPINION OF THE COURT

1. ROBBERY — ARMED ROBBERY.

The elements of an armed robbery are: (1) an assault committed by the accused upon the victim; (2) a felonious taking of property from the victim; and (3) presence of a dangerous weapon or an object fashioned to make the victim reasonably believe it to be a dangerous weapon (MCL 750.529; MSA 28.797).

2. ASSAULT AND BATTERY — WORDS AND PHRASES.

An assault is an attempted battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

3. ROBBERY — ARMED ROBBERY — SPECIFIC INTENT.

Armed robbery is a specific intent crime; to establish such crime it must be shown that the defendant possessed a larcenous intent to deprive the owner of his property permanently (MCL 750.529; MSA 28.797).

4. APPEAL — JURY INSTRUCTIONS.

Appellate review of a trial court's jury instructions is generally precluded absent a request for correct instructions or an objection to the instructions as given; however, appellate review is not precluded where the trial court fails to instruct on an essential element of the crime.

5. APPEAL — CRIMINAL LAW — FELONY-FIREARM — JURY INSTRUCTIONS.

The Court of Appeals will reverse a defendant's conviction for possession of a firearm in the commission of a felony where errors in the jury instructions by the trial court require a reversal of the conviction on the underlying felony and could have influenced the jury's finding that the defendant committed or attempted to commit a felony (MCL 750.227b; MSA 28.424[2]).

6. CRIMINAL LAW — JURY INSTRUCTIONS — DIRECT EVIDENCE — BURDEN OF PROOF.

A trial court is not required to instruct a jury that the prosecutor has the burden of proving that there is no innocent theory possible which will, without violation of reason, accord with the facts where the prosecution has introduced direct evidence.

7. CONSTITUTIONAL LAW — ROBBERY — ARMED ROBBERY — FELONY-FIREARM — DOUBLE JEOPARDY.

The conviction of a defendant for both armed robbery and possession of a firearm in the commission of a felony does not violate the Fifth Amendment's prohibition against double jeopardy (US Const, Am V).

DISSENT BY P. R. JOSLYN, J.

8. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

*The lack of a timely objection at trial precludes appellate review of a claimed error in the jury instructions in the absence of manifest injustice.*

9. CRIMINAL LAW — ARMED ROBBERY — APPEAL — JURY INSTRUCTIONS — INTENT — INFERENCES.

*The reversal of the defendant's conviction is not required because a trial court instructed the jury in a trial for armed robbery indicating that to convict the defendant they must find that he intended to deprive the owner of the use and value of his property, but failed to indicate that such larcenous intent must be to deprive the owner of his property "permanently", where*

*the facts before the jury negated any inference other than that whoever assaulted the victim intended to permanently deprive him of his property.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). Sentenced to from 20 to 40 years imprisonment on the armed robbery conviction and a mandatory 2-year term on the felony-firearm conviction, he appeals as of right.

On October 2, 1981, three young men, each carrying a gun, burst into Vincent's Inn. The owner, Vincent Borowski, was pushed into a side room and struck on the head. When he tried to stand up, he was kicked and shot in the hip. He was then shot at again, the bullet grazing his head. One of the men then removed his wallet. Elizabeth Borowski, the owner's daughter, was also in the bar, along with a regular patron, Joyce Perry. While her father was lying wounded in the side room, Ms. Borowski was pulled from her hiding place in the kitchen. She testified that as she came out of the kitchen she saw the defendant standing near the cash register. Then she observed

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant walk into the back room. Ms. Borowski told the men that the money was in the cash drawer, but that there was very little. One of the men then kicked her in the head. Subsequently, the men emptied the cash register and left. Shortly thereafter, defendant was arrested.

Defendant maintains that the trial court made several errors in its instructions to the jury. He argues that the court improperly instructed the jury on the elements of armed robbery. The elements of an armed robery are: (1) an assault committed by the accused upon the victim; (2) a felonious taking of property from the victim; and (3) presence of a dangerous weapon or an object fashioned to make the victim reasonably believe it to be a dangerous weapon. *People v Vannoy,* 106 Mich App 404; 308 NW2d 233 (1981). The defendant argues that the trial court incorrectly instructed the jury on the first element inasmuch as it failed to properly define an assault. The trial court defined assault in the following manner:

"An assault is putting another person in fear. I have advised you that pointing a weapon at someone is putting that person in fear, telling that person that something was going to happen to them. That's an assault."

An assault is an attempted battery or "an unlawful act which places another in reasonable apprehension of receiving an *immediate* battery". *People v Sykes,* 117 Mich App 117, 120; 323 NW2d 617 (1982). (Emphasis added.) Thus, the trial court's instruction omitted an essential element of an assault and, hence, a necessary element of armed robbery. This is reversible error.

The defendant also alleges that the trial court erred in failing to instruct on the specific intent

element of armed robbery. Armed robbery is a specific intent crime. *People v Peery,* 119 Mich App 207, 214; 326 NW2d 451 (1982). It must be established that the defendant possessed a larcenous intent. *People v Fisk,* 62 Mich App 638, 643; 233 NW2d 684 (1975). The trial court instructed the jury that, to convict defendant of armed robbery, they must find he "intended to deprive the owner of the use and value of his property". That is an incomplete statement of the necessary intent. Larcenous intent is the intent "to deprive the owner of his property *permanently".* *People v Wilbert,* 105 Mich App 631, 639; 307 NW2d 388 (1981). (Emphasis added.) This is also reversible error, *People v Peery, supra,* p 214.

The defendant did not request correct instructions nor object to the instructions given by the court. Although generally appellate review is precluded absent a request for an instruction, "[r]eview is not precluded when the trial court fails to instruct on an essential element of the crime * * *". *People v Wolak,* 110 Mich App 628, 634; 313 NW2d 174 (1981). Therefore, we reverse defendant's conviction for armed robbery. Because the instructional errors could have influenced the jury's finding that defendant committed or attempted to commit a felony, see MCL 750.227b; MSA 28.424(2), we reverse defendant's conviction for felony-firearm as well.

We now address those of defendant's remaining allegations of error that may arise at the new trial.

Of the alleged instructional errors, only one may come up at the retrial. Defendant contends that the trial court should have *sua sponte* instructed the jury on the so-called *Davenport* rule: "the prosecution has the burden of proving 'that there

is no innocent theory possible which will, without violation of reason, accord with the facts' ". *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972). The *Davenport* rule, however, applies only where the people's case depends entirely upon circumstantial evidence. *Id.* In the present case, the people introduced direct evidence. Thus, the *Davenport* rule does not apply and the jury should not have been instructed as to its terms.

Moving beyond the defendant's alleged instructional errors, we address first defendant's contention that his convictions for armed robbery and felony-firearm run afoul of the Double Jeopardy Clause. On the authority of *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), we reject that contention.

Defendant has raised a number of other issues that may arise at the new trial. He argues that his confession was coerced because it was made before he was arraigned. He also asserts that the line-up, in which he was identified, was improper and that the witness's in-court identification of the defendant has no independent basis. The defendant, however, did not raise these issues below. The defendant should have requested a *Walker*[1] hearing to determine the voluntariness of his confession and a *Wade*[2] hearing to determine the propriety of the line-up. In the absence of such evidentiary hearings, we decline to address defendant's claims of error.

Defendant's final two allegations of error are: (1) the trial court erred in allowing the testimony of a witness who had violated the court's sequestration order; and (2) the trial court erred in finding

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

that the prosecutor showed due diligence in attempting to produce a res gestae witness. The trial court's actions were in response to peculiar factual situations and, as such, are unlikely to be repeated at the new trial. Therefore, we decline to address the issues.

Reversed and remanded.

P. R. JOSLYN, J. *(dissenting)*. I respectfully dissent. The majority would reverse these two felony convictions under the claims that the court improperly instructed the jury in two specific areas. First, the court did not tell the jury that the element of assault must contain the word *immediate* battery. Second, the court failed to instruct that armed robbery is a specific intent crime and particularly that the intent to *permanently* deprive the owner of his property was not instructed upon. I would concur with the result if these elements were placed at issue before the fact finder, especially since there are standard jury instructions. The record reflects that the question of whether there was an assault was literally taken away from the fact finder without objection. The court while instructing said, "I have advised you that pointing a weapon at someone is putting that person in fear, telling that person that something was going to happen to them. That's an assault".

I cannot concur with the majority that the failure to give the specific intent instruction mandates reversal in this case. The proof of a larceny was overwhelming, in fact, so are the proofs as to armed robbery. Further, the defense was that of identity and not diminished capacity. Defendant interposed no objection to the offered instructions, either prior to or after they were given to the jury. The absence of timely objection at trial precludes

appellate review of claimed error in the absence of manifest injustice. *People v Branner,* 53 Mich App 541; 220 NW2d 183 (1974), *lv den* 392 Mich 814 (1974).

The trial court's failure here to instruct on the elements of larceny as it relates to the specific intent necessary to convict did not constitute manifest injustice and defendant's failure to object to the jury instructions precludes him from challenging the validity of the instructions on appeal. See *People v Petrosky,* 286 Mich 397, 401; 282 NW 191 (1938); *People v Rabb,* 112 Mich App 430, 435; 316 NW2d 446 (1982). In *Petrosky,* the trial court failed to define larceny any better than was done here. The trial judge indicated that it "was [a] taking with intent to steal and appropriate property to one's own use". The Supreme Court held that the instructions were not erroneous where the evidence at trial negated any inference that the articles were taken with the owner's consent. Here the facts before the jury negated any inference other than that whoever assaulted the victim intended to permanently deprive him of his property.

I would concur with the conclusions reached as to the other issues raised. The claims of the defendant as to the nonproduction of the res gestae witness is without merit and no prejudice occurred in the technical violation of the order of sequestration.

The convictions should be affirmed.