PEOPLE v BARNETT

Docket No. 83529. Submitted October 15, 1986, at Detroit. Decided
       September 22, 1987.

   Tilman Barnett was convicted of two counts of first-degree mur-
       der, Macomb Circuit Court, Frank E. Jeannette, J. Defendant
       appealed.

       The Court of Appeals *held:*

       1. The police were not obligated to give defendant *Miranda*
       warnings prior to obtaining his fingerprints since he was not
       under arrest or asked to make a statement and, thus, no Fifth
       Amendment rights were involved.

       2. The trial court's determination that defendant consented
       to having his fingerprints taken is not clearly erroneous.

       3. The trial court did not err in admitting evidence of a test
       of a blood sample taken from defendant pursuant to a search
       warrant without notification to defendant's counsel. The Sixth
       Amendment right to counsel does not extend to the taking of
       blood samples as that is not a critical stage of the proceedings
       since there is minimal risk that counsel's absence might dero-
       gate from the accused's right to a fair trial.

       4. The court did not err in allowing an in-court identification
       of defendant and, had the court erred, the error would have
       been harmless since there were three other witnesses' identifi-
       cations of defendant in evidence.

       5. Defendant was not prejudiced by a change in trial dates
       from after to before the trial of a codefendant.

       6. The jury instructions on premeditation and deliberation
       were adequate.

       7. Defendant was not denied effective assistance of counsel.
       Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 732 *et seq.*, 748 *et seq.*, 984 *et seq.*
Am Jur 2d, Searches and Seizures §§ 46 *et seq.*
Am Jur 2d, Trial §§ 573 *et seq.*
Am Jur 2d, Witnesses §§ 30 *et seq.*
Accused's right to counsel under the Federal Constitution—Su-
       preme Court cases. 18 L Ed 2d 1420.
Adequacy of defense counsel's representation of criminal client
       regarding search and seizure issues. 12 ALR4th 318.
Fingerprints, palm prints, or bare footprints as evidence. 28 ALR2d
       1115.

1. CONSTITUTIONAL LAW — SELF-INCRIMINATION — FINGERPRINTS —
   FIFTH AMENDMENT.

   The Fifth Amendment right not to be a witness against oneself
   does not protect an accused from being compelled to provide
   fingerprints.

2. SEARCHES AND SEIZURES — CONSENT — BURDEN OF PROOF.

   When consent is alleged, the burden is on the prosecutor to prove
   that consent was unequivocal, specific, and freely and intelli-
   gently given; whether consent was valid is a question of fact to
   be determined by the trial court upon the basis of the evidence
   and all reasonable inferences drawn from it.

3. CRIMINAL LAW — RIGHT TO COUNSEL — SIXTH AMENDMENT —
   FINGERPRINTS — BLOOD SAMPLES.

   The Sixth Amendment right to counsel extends to all critical
   stages of the prosecution, i.e., those stages where counsel's
   actions might derogate from the accused's right to a fair trial;
   it does not extend to the taking of fingerprints or blood samples
   as they are not critical stages since there is minimal risk that
   counsel's absence might derogate from the accused's right to a
   fair trial.

4. CRIMINAL LAW — JURY INSTRUCTIONS.

   Jury instructions must be read as a whole on appeal and not
   extracted piecemeal in an effort to establish error requiring
   reversal; reversal is not mandated where the jury instruction
   given by the court when taken as a whole adequately informed
   the jury of the applicable law.

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

   The standard for determining whether a defendant had effective
   assistance of counsel in a criminal trial is that defense counsel
   must perform at least as well as a lawyer with ordinary
   training and skill in the criminal law and must conscientiously
   protect his client's interests, undeflected by conflicting consider-
   ations; in addition, a defendant may be denied effective assis-
   tance of counsel if, but for counsel's serious mistake, he would
   have had a reasonably likely chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*D'Agostini, McKinnon & Sable, P.C.* (by *David A. McKinnon*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of two counts of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to two concurrent terms of imprisonment for life. Defendant appeals as of right, raising several claims of error, none of which warrant reversal.

First, defendant asserts that the police were obligated to inform him of his *Miranda*[1] rights prior to obtaining his fingerprints. We disagree. Fingerprinting is a manner of identification and not incrimination. *People v Davis,* 89 Mich App 588, 592; 280 NW2d 604 (1979). The Fifth Amendment right not to be a witness against oneself does not protect an accused from being compelled to provide fingerprints. *People v Williams,* 42 Mich App 278, 280; 201 NW2d 286 (1972), lv den 389 Mich 779 (1973).

In the instant case, defendant's fingerprints were taken, along with the fingerprints of several other people, in an attempt to eliminate certain people as suspects. At the time of the fingerprinting, defendant was not under arrest, nor was he asked to give a statement. Because defendant was not being questioned and no testimonial evidence was being taken, defendant's Fifth Amendment rights did not come into play. Since no Fifth Amendment rights were involved, *Miranda* warnings were not required.

Defendant also asserts that he was unlawfully

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

detained without probable cause at the time his fingerprints were taken, and that evidence obtained as a result of the illegal search and seizure was tainted and inadmissible at trial. The parties agree that defendant was not under arrest, nor was there a search warrant, when defendant was taken to the police station and fingerprinted. The parties diverge on the issue of consent. The prosecutor claims that defendant consented while defendant asserts that he did not consent to the procedure.

When consent is alleged, the burden is on the prosecutor to prove that consent was unequivocal, specific, and freely and intelligently given. *People v Swinford,* 150 Mich App 507, 518; 389 NW2d 462 (1986), lv den 426 Mich 861 (1986); *People v Brown,* 127 Mich App 436, 440-441; 339 NW2d 38 (1983), lv den 419 Mich 896 (1984). Whether consent was valid is a question of fact to be determined by the trial court upon the basis of the evidence and all reasonable inferences drawn from it. *Swinford, supra; Brown, supra.* A trial court's determination following a suppression hearing will not be overturned unless the ruling was clearly erroneous. *Swinford, supra; Brown, supra.*

During the course of trial in the instant case, a *Walker*[2] hearing was held to determine, among other things, if defendant had voluntarily consented to having his fingerprints taken. Based upon the testimony of a police detective and the defendant, the trial court found that defendant knew he was not under arrest and voluntarily agreed to submit to fingerprinting. Our review of the record leads us to conclude that the trial court's determination was not clearly erroneous. There was ample evidence presented to support

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

the trial court's finding that defendant had consented to fingerprinting.

Defendant further asserts that, because his fingerprints were illegally obtained, the evidence discovered pursuant to the search warrants based on probable cause established by the fact that defendant's fingerprints were found at the scene of the crime should have been suppressed as "fruit of the poisonous tree." As we have concluded that defendant's fingerprints were lawfully obtained pursuant to defendant's consent, we find defendant's argument to be completely without merit.

Next, defendant argues that the trial court erred by admitting evidence of a blood sample taken from defendant pursuant to a search warrant since defendant's attorney was not notified that a blood sample would be taken. Defendant contends that the Sixth Amendment right to counsel extends to the taking of a blood sample pursuant to a search warrant.

The Sixth Amendment right to counsel extends to all critical stages of the prosecution, i.e., those stages where counsel's absence might derogate from the accused's right to a fair trial. *People v Buckles,* 155 Mich App 1, 6; 399 NW2d 421 (1986), citing *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). The Sixth Amendment right to counsel does not extend to the taking of fingerprints or blood samples as they are not critical stages since there is minimal risk that counsel's absence might derogate from the accused's right to a fair trial. *Wade, supra,* pp 227-228. Defendant's Sixth Amendment right to counsel was not violated in this instance, and the evidence was properly admitted at trial.

Defendant also challenges the in-court identification of defendant by a witness after the witness had seen a newspaper photograph of the defen-

dant. Where a witness' identification of a defendant is based upon a newspaper photograph rather than the witness' own perception, the identification should be excluded. *People v Prast (On Rehearing),* 114 Mich App 469, 488; 319 NW2d 627 (1982).

In the instant case, the trial court did not err in admitting the identification testimony since the witness testified that her in-court identification of the defendant was based upon seeing the defendant in the store where she was employed, and not upon the newspaper photograph. Even if we were to conclude that the witness' identification was tainted, admission of the identification testimony would constitute harmless error in light of the testimony of three other witnesses who identified defendant as the person who had made credit purchases with the victims' credit cards.

Defendant also contends that the trial court erred by allowing defendant's trial to commence on November 1, 1984, after defendant was informed on October 31, 1984, that he would not be tried until after the trial of a codefendant. Defendant's claim of error is completely without merit. Defendant was informed on October 31, 1984, that he would not be tried until after the trial of a codefendant. Later that same day, the prosecutor notified the defendant and defense counsel that defendant Barnett would be tried first. Although defense counsel objected to the manner of notification, defense counsel twice stated that he was prepared for trial to commence. In addition, defendant's claim that he was unable to give sufficient notice of alibi witnesses lacks merit. Defendant had several months in advance of trial to prepare an alibi defense. However, defendant had not filed a notice of alibi defense even though trial was originally scheduled for October 30, 1984, nor did

defendant move for a continuance in order to provide notice of an alibi defense. Under these circumstances, we fail to see how defendant was prejudiced by the change in trial date.

Defendant also asserts that the trial court erred in instructing the jury on the elements of premeditation and deliberation. Jury instructions must be read as a whole and not extracted piecemeal in an effort to establish error requiring reversal. *People v Wesley,* 148 Mich App 758, 761; 384 NW2d 783 (1985). Our review of the jury instructions given leads us to conclude that the trial court properly instructed the jury on premeditation and deliberation. The instructions, when read as a whole, adequately informed the jury of the applicable law.

Finally, defendant contends that he was denied his right to effective assistance of counsel because defense counsel failed to call alibi witnesses, failed to call witnesses to rebut the testimony of Frank Andreski or to question the grant of immunity for Andreski, and failed to make a motion for a new trial.

The standard by which we review claims of ineffective assistance of counsel is set forth in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), as follows:

> Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

In addition, a defendant may be denied effective assistance of counsel if, but for counsel's serious mistake, he would have had a reasonably likely chance of acquittal. *Id.* We find that defendant

received effective assistance of counsel according to the applicable standard. The decision to call witnesses is a matter of trial strategy. *People v Harlan,* 129 Mich App 769, 779; 344 NW2d 300 (1983). It is well established that this Court will not second-guess trial counsel in matters of trial strategy. *People v Carr,* 141 Mich App 442, 452; 367 NW2d 407 (1985); *People v Whalen,* 129 Mich App 732, 744; 342 NW2d 917 (1983). A court cannot conclude that effective assistance of counsel is denied merely because a certain trial strategy backfired. *People v Strong,* 143 Mich App 442, 449; 372 NW2d 335 (1985). In addition, we find that, regardless of the alleged errors of trial counsel, defendant would not have had a reasonably likely chance of acquittal. Thus, defendant's claim of ineffective assistance of counsel is without merit.

Affirmed.