PEOPLE v MURPH

Docket No. 109778. Submitted February 13, 1990, at Lansing. Decided September 17, 1990.

Leon C. Murph was convicted of two counts of kidnapping, two counts of armed robbery, two counts of possession of a firearm during the commission of a felony and unlawfully driving away an automobile, following a jury trial in Eaton Circuit Court, Richard M. Shuster, J. Defendant was sentenced to concurrent prison terms of forty to sixty years on each kidnapping and armed robbery conviction and thirty to sixty months on each conviction for unlawfully driving away an automobile and the mandatory two-year sentence on each of the felony-firearm convictions. The proofs showed that defendant entered the rear of a van at a service station, ordered the driver to keep driving, ordered both the driver and passenger to give him their valuables, and ultimately ordered the driver and passenger out of the van. The van was found two days later missing certain equipment. The prosecutor was permitted to impeach defendant with evidence of defendant's prior larceny conviction and with evidence relating to defendant's passing of a forged check which had not resulted in a conviction. Defendant appealed.

The Court of Appeals *held:*

1. Error, if any, in the admission of the evidence of the prior conviction was harmless beyond a reasonable doubt.

2. The evidence relating to the forged check was not admitted to show defendant's character but was rather properly admitted to impeach defendant's trial testimony.

3. The manner in which defendant's trial counsel handled the matters relating to the evidence of defendant's prior conviction and bad acts was a matter of trial strategy and will not form a basis for a claim of ineffective assistance of counsel.

4. There was sufficient evidence of asportation independent of the underlying armed robbery to support the convictions for kidnapping.

5. Since a charge of driving away an automobile does not

REFERENCES

Am Jur 2d, Criminal Law §§ 277, 279.

See the Index to Annotations under Automobiles and Highway Traffic; Double Jeopardy; Robbery.

involve a larceny in that there is no intent to permanently
deprive the victim of the property, double jeopardy does not
prohibit conviction of both armed robbery and driving away an
automobile.

6. The sentences imposed did not shock the conscience of the
Court.

Affirmed.

MICHAEL J. KELLY, J., dissented. He would find that the
prejudice arising out of use of the evidence of defendant's prior
conviction and bad acts outweighed its probative value. He
would hold that it makes little sense to allow conviction for
both armed robbery and driving away an automobile. He would
find the sentences imposed to be shocking. He would reverse.

ROBBERY — AUTOMOBILES — UNLAWFULLY DRIVING AWAY AUTOMO-
    BILE — DOUBLE JEOPARDY.

The constitutional prohibition against double jeopardy does not
    prohibit conviction for both armed robbery and unlawfully
    driving away an automobile where there is evidence from
    which the jury could find that the defendant took certain
    property of the victim with intent to permanently deprive the
    victim of the same and then took the victim's automobile but
    without the intent to permanently deprive the victim of the
    automobile.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *G. Michael Hocking,*
Prosecuting Attorney, and *William M. Worden,*
Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and WAHLS and
SAWYER, JJ.

SAWYER, J. Defendant was convicted, following a
jury trial, of two counts of kidnapping, MCL
750.349; MSA 28.581, two counts of armed robbery,
MCL 750.529; MSA 28.797, two counts of posses-
sion of a firearm during the commission of a
felony, MCL 750.227b; MSA 28.424(2), and unlaw-
fully driving away an automobile (UDAA), MCL
750.413; MSA 28.645. Defendant was thereafter

sentenced to serve concurrent terms of forty to sixty years in prison on each of the kidnapping and armed robbery convictions, thirty to sixty months for the UDAA conviction, and two terms of two years in prison for the felony-firearm convictions. Defendant now appeals and we affirm.

The victims, Diane Allen and Tracy Lynn Roberts, were stopped at a gas station on Waverly Road during the early morning hours of September 26, 1987, where they purchased gas and visited a friend. As they were driving away, Roberts heard paper rustling in the back of the van and saw what appeared to be a man's head in her rearview mirror. The man, later identified as defendant, approached the driver's area, warned the two women to "be cool," and advised them that he possessed a gun and that they should do as he said. Defendant ordered Roberts to continue driving and not to look back. Roberts continued driving; and, when Allen turned around, defendant put a gun to her head. Defendant then asked them for their wallets, purses, and other valuables. Ultimately, defendant had Roberts stop the van, he ordered them out of the van, and he drove off. Two days later, the van was recovered, though the contents of the van, including various items of audio equipment, were missing. Additionally, defendant had obtained money and jewelry from the victims at the time of the robbery.

On appeal, defendant first argues that the trial court erred by admitting for impeachment purposes evidence of defendant's 1980 conviction for conspiracy to commit larceny from a person. However, we conclude that it is not necessary to determine whether the trial court erred in its application of MRE 609 to defendant's prior conviction because, after reviewing the record and the evidence against defendant, we conclude that any

error in admitting evidence of the prior conviction is harmless beyond a reasonable doubt. *People v Allen,* 429 Mich 558, 612; 420 NW2d 499 (1988).

Next, defendant argues that the trial court erred in admitting evidence of a prior bad act not resulting in conviction concerning the passage of forged checks. See MRE 404(b). However, the evidence defendant complains of was not inadmissible under MRE 404(b) as it was not offered to show defendant's character, but rather was offered to impeach defendant's testimony. Specifically, defendant first testified that he did not know one Clifford Loften, but then admitted, when presented with the check at issue which was drawn upon the account of Clifford Loften, that he had received the check from someone who claimed to be Loften. Accordingly, the evidence was properly admitted.

Next, defendant argues that he was denied the effective assistance of counsel. Specifically, defendant objects to the comments made by trial counsel to the jury concerning defendant's prior conviction, as well as questioning and comments by defense counsel concerning other bad acts defendant had engaged in. These items, however, represent issues of trial strategy and, as such, we will not second guess trial counsel. *People v Barnett,* 163 Mich App 331, 338; 414 NW2d 378 (1987). The fact that the strategy may not have worked does not constitute ineffective assistance of counsel. *Id.*

Defendant next argues that there was insufficient evidence to sustain the kidnapping convictions. Specifically, defendant argues that there was insufficient evidence to establish the element of asportation. To establish asportation in a kidnapping case, there must be some moving of the victim and that movement is not sufficient if it is merely incidental to the commission of another underlying lesser crime, unless that underlying

crime involves murder, extortion or taking a hostage. *People v Adams,* 389 Mich 222, 238; 205 NW2d 415 (1973). Defendant argues that the movement of the victims in the case at bar was merely incidental to the commission of the robberies and UDAA. In reviewing a sufficiency of the evidence question, the evidence must be viewed in the light most favorable to the prosecutor, and the evidence is sufficient if a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). In the case at bar, we conclude that a rational trier of fact could reach the conclusion that the movement of the victims was for the purposes of kidnapping and not merely incidental to the other underlying crimes. Accordingly, we conclude that there was sufficient evidence to establish the asportation element of the kidnapping charges.

Next, defendant argues that his convictions for both armed robbery and UDAA constitute double jeopardy. We disagree. Defendant is correct that the theft of several items at the same time constitutes a single larceny and, therefore, the constitutional prohibitions against double jeopardy prohibit the charging of separate larcenies for each item taken. *People v Wakeford,* 418 Mich 95, 112; 341 NW2d 68 (1983). With respect to armed robberies, a separate armed robbery may be charged for each victim, though separate armed robberies may not be charged for each item taken. *Id.* at 112-113.

The flaw in defendant's argument is that UDAA is not a larceny. That is, robbery, like the underlying offense of larceny, requires that the defendant intend to permanently deprive the victim of the property which is the subject of the robbery or

larceny. *People v Fordham,* 132 Mich App 70, 75; 346 NW2d 899 (1984). UDAA, on the other hand, does not require an intent to permanently deprive the owner of his property. *People v Hayward,* 127 Mich App 50, 62; 338 NW2d 549 (1983), quoting 7A Am Jur 2d, Automobiles and Highway Traffic, § 349, pp 534-535.

Since defendant need not have intended to permanently deprive the victim of her automobile, the jury need not have concluded that the automobile was one of the items of property taken in the armed robbery. That is, if defendant did not intend to permanently deprive the victim of the automobile, then the automobile was not involved in the armed robbery. From the evidence presented, particularly in view of the fact that the van was recovered two days later with numerous items missing from inside the van, the jury could conclude that defendant did not intend to take the van permanently, but merely used it to make his getaway and to transport his ill-gotten booty.

In sum, UDAA and armed robbery are separate and distinct offenses and, as such, may be separately punished. *Wakeford, supra* at 103-104. Therefore, defendant's convictions for both armed robbery and UDAA do not constitute double jeopardy.

Finally, defendant argues that his sentences for armed robbery and kidnapping should shock our judicial conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). They do not.

Affirmed.

WAHLS, J., concurred.

### ADDENDUM

Subsequent to the filing of this opinion with the

Clerk of the Court, but prior to its release to the parties, the Supreme Court decided *People v Milbourn*, 435 Mich 630, 649-650, 461 NW2d 1 (1990), wherein it abandoned the "shock the conscience" standard and adopted in its place the "principle of proportionality." We have, on our own motion, reconsidered the matter and conclude that defendant's sentence does not violate the principle of proportionality.

MICHAEL J. KELLY, P.J. *(dissenting)*. I respectfully dissent.

Prior to voir dire the prosecutor requested that the court permit him to impeach defendant's credibility with evidence of a 1980 conviction for conspiracy to commit larceny from a person. The request was granted. I disagree with the majority that the error in admitting the prior conviction was harmless beyond a reasonable doubt. A witness' credibility may be impeached with prior convictions only if the convictions satisfy the criteria set forth in MRE 609. The trial court failed to make any findings pursuant to MRE 609. The Supreme Court has held that crimes of theft are minimally probative and are admissible only if the probative value outweighs the prejudicial effect. *People v Allen*, 429 Mich 558; 420 NW2d 499 (1988); *People v Pedrin*, 429 Mich 1216 (1988).

I also believe the court erred in permitting the prosecution to elicit substantial testimony concerning the passage of forged checks by defendant and another person. These bad acts involved only pending charges, not convictions. I do not think the challenged acts qualified for admission under any theory, and certainly were more prejudicial than probative on any aspect of this trial. Defense counsel moved for a mistrial following their admission, and I believe the motion should have been granted.

It makes little sense to convict a defendant for armed robbery in the taking of an automobile and then add a conviction for UDAA for driving it away. Insofar as *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983), permits such double prosecution and punishment, it should be reexamined.

Finally, my conscience is shocked at the sentence of forty to sixty years in prison. Although these victims were certainly terrified and psychically traumatized by this heinous crime, they were not injured or maimed. On these facts the minimum sentence of forty years, which greatly exceeds the sentencing guidelines recommendation of twelve years, was disparate and unwarranted.

I would reverse.