# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES WILLIAM FREESE,

       Defendant-Appellant.

UNPUBLISHED
April 25, 2017

No. 330251
Alpena Circuit Court
LC No. 15-006380-FC

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right from his jury convictions of, and sentences for, five counts of first-degree criminal sexual conduct (CSC-I), one under MCL 750.520b(1)(a) (victim under 13), and the rest under MCL 750.520b(1)(b)(*ii*) (related victim 13-15 years old). The trial court imposed concurrent terms of imprisonment of 10 to 40 years for each conviction, along with lifetime electronic monitoring, MCL 750.520n(1). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from allegations that defendant sexually molested his two nieces, KS and TM, for many years beginning in the 1990s. Their disclosures of abuse came after a criminal investigation was initiated against defendant's son for sexually abusing KS's daughter. Both women testified extensively about repeated abuse at the hands of the defendant over several years commencing when each was around 12 years of age. Following a four-day trial, a jury found defendant guilty as charged of five counts of first-degree criminal sexual conduct.

After sentencing, defendant filed a motion for a new trial in the trial court. He presented a three-pronged argument. His first argument was that the jury's verdict was against the great weight of the evidence. He also asserted that he should be granted a new trial based on newly discovered evidence in the form of expert opinion testimony from a psychologist on human sexuality and the behavior of victims of sexual assault that required an evidentiary hearing. Alternatively, he argued that he should be granted a new trial based upon trial counsel's ineffectiveness for not investigating and presenting an expert psychologist's opinion. The trial court denied the motion. Paramount to its findings was the determination that the expert opinion would not have produced a different result at trial or retrial. Additionally, the court found that

-1-

trial counsel's decision not to call an expert witness did not fall below an objective standard of reasonableness.

Defendant filed a motion to remand in this Court arguing the same issues of newly discovered expert opinion evidence and ineffective assistance of counsel. Additionally he argued that the trial court erred in the scoring of offense variable (OV) 6. This Court denied the motion to remand "for failure to persuade the Court of the necessity of a remand at this time." However, it considered defendant's scoring challenge preserved by the motion. *People v Freese*, unpublished order of the Court of Appeals, entered July 28, 2016 (Docket No. 330251). The issues for which this Court denied remand are now the subjects of appeal.

## II. MOTION FOR A NEW TRIAL

### A. EVIDENTIARY HEARING

Defendant first argues that the trial court erred in declining to convene an evidentiary hearing before denying the motion and that the denial of the motion based upon newly discovered evidence was, also in error. A trial court's decision whether to conduct an evidentiary hearing is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). This Court reviews for an abuse of discretion a trial court's decision to deny a motion for a new trial and for clear error its findings of fact. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). An abuse of discretion occurs where the trial court chooses an outcome falling outside a "principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

> For a new trial to be granted on the basis of newly discovered evidence, a defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (quotation marks and citation omitted).]

The court made its decision in this case based upon the record at trial, the briefs submitted by counsel, and the expert affidavit. The court had a fresh memory of the trial when the motion was presented as evidenced by the thorough and detailed review of the trial testimony. The transcript of the trial is consistent with the court's review. In the opinion, the trial court's analysis on both newly discovered evidence and ineffective assistance of counsel assumes that the matters presented in the affidavit would have been presented to the trier of fact. We do not find the failure to hold an evidentiary hearing under these circumstances to be outside of the range of principled outcomes.

### B. NEWLY DISCOVERED EVIDENCE

In this case, defendant put forward as new evidence a psychologist who specialized in human sexuality. Attached to the motion was an extensive affidavit from the psychologist along with his curriculum vita. The expert opined that the testimony of the complainant was inconsistent with repressed memory, that the mode of assault reported was inconsistent with sexual predators, and that the behavior of the complainants at the time of alleged assaults was unusual. Contrary to the appellate argument by defendant, the trial court did not rule on whether this evidence was new or not. The court found that the testimony of the expert, regardless of whether it was new or could have been discovered before trial with the exercise of due diligence, would not have made a difference at a retrial. In reaching this conclusion, the court made fact-findings as to the complainants' testimony to determine whether the testimony was contradictory, patently incredible, inherently implausible, or seriously impeached. *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). The court acknowledged that the complainants' testimony had both gaps and inconsistencies. However, the court also noted that the inconsistencies as to details of the manner and ages of assaults were exposed at trial and argued by counsel. In particular, KS's repeated recantations, substance abuse history and alleged false accusations of others were the subject of vigorous cross-examination and argument. The court, which had the opportunity to observe all trial dynamics, made a finding that the expert's testimony regarding "typical" behaviors of either victims or perpetrators would not have altered the outcome of the trial. On this record, we cannot say that the trial court's findings of fact were clearly erroneous. *Johnson*, 466 Mich at 497-498.

## C. INEFFECTIVE ASSISTANCE

The argument regrading ineffective assistance of counsel is based upon the failure of trial counsel to either consult with an expert or present one at trial. However, defendant admits that there was no attempt to procure an expert because the defense was satisfied that without one it nonetheless had "a well-reasoned and conventional defense" attacking the credibility of the complaining witnesses. In other words, defendant admits that the decision to attack the prosecutions witnesses' credibility by means other than through introduction of expert testimony relating to the psychology of human sexuality was strategic. This is not a case where a psychological theory such as "repressed memory" was offered by the prosecution that would logically cry out for expert assistance. Even KS's complicated life history of alcoholism does not of itself implicate the need for expert assistance. Not every child abuse requires such testimony. Defendant cites no authority that stands for the proposition that a strategic disinclination to investigate an alternative trial strategy constitutes due diligence with respect to the eschewed strategy. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to . . . search for authority either to sustain or reject his position."). This Court will neither substitute its judgment for that of counsel regarding matters of trial strategy, nor assess counsel's competence with the benefit of hindsight *People v Barnett*, 163 Mich App 331, 338; 414 NW2d 378 (1987). Moreover, as discussed above, we cannot find that the trial court clearly erred in its determination that even had an expert been consulted and or presented, the outcome more likely than not would not have changed. Thus, we do not find error in the rejection of the ineffective assistance argument by the trial court.

## III. SCORING OF THE SENTENCING GUIDELINES

Defendant also argues that the trial court erroneously OV 6, the pertinent offense variable to reflect multiple victims. Because the offenses at issue took place before the effective date for use of the legislative guidelines, see MCL 769.34(1)-(2), the operative guidelines are the judicial guidelines then in effect.

Although the proper application of the statutory sentencing guidelines is a question of law reviewed de novo on appeal, see *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001), the judicial guidelines "do not have the force of law," and so "a guidelines error does not violate the law," *People v Mitchell*, 454 Mich 145, 175; 560 NW2d 600 (1997) (citation omitted). Accordingly, a challenge "to the judge's calculation of the sentencing variable on the basis of his discretionary interpretation of the unchallenged facts . . . does not state a cognizable claim for relief," there being "no juridical basis for claims of error based on alleged misinterpretation of the guidelines . . . or misapplication of guideline variables." *Id.* at 176-177.

Because with this challenge defendant claims error on the basis of an alleged misapplication of an offense variable under the judicial guidelines, defendant fails to state a cognizable claim.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

-4-