PEOPLE v HURST

Docket No. 154005. Submitted March 9, 1994, at Detroit. Decided June 20, 1994, at 9:05 A.M. Leave to appeal sought.

Roderick L. Hurst was convicted in the Recorder's Court of Detroit, Kaye Tertzag, J., of armed robbery and unlawfully driving away an automobile and was sentenced to prison terms of six to twenty years and three to five years respectively. The defendant appealed.

The Court of Appeals *held:*

1. The Double Jeopardy Clause does not prohibit convictions of both armed robbery and unlawfully driving away an automobile even where, as here, the only property taken is the automobile. The Michigan double jeopardy test is not the factual-identity test, but the legislative-intent test. Where the Legislature has created separate crimes directed at violations of two distinct social norms, multiple punishment for the same behavior that constitutes a violation of each crime is permitted under the Double Jeopardy Clause. Because the statutes making criminal armed robbery and unlawfully driving away an automobile were intended to punish violations of distinctly different social norms, the Double Jeopardy Clause does not prohibit conviction of both crimes even where the only property taken is the automobile.

2. Because the sentences were within the range recommended by the sentencing guidelines and the defendant failed to show that they are disproportionate, they are presumed valid.

3. There was sufficient evidence, if believed by the jury, to find that the defendant intended to deprive the owner permanently of her automobile and to find the defendant guilty of armed robbery.

4. The record does not establish that the defendant was denied effective assistance of counsel at trial or on appeal.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 20, 21, 266, 268, 277, 279.

Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

WHITE, P.J., concurring in part and dissenting in part, stated that conviction of both armed robbery and unlawfully driving away an automobile results in a violation of the Double Jeopardy Clause where, as here, the only property taken was the automobile. The conviction of unlawfully driving away an automobile should be vacated.

ROBBERY — AUTOMOBILES — UNLAWFULLY DRIVING AWAY AN AUTO-
    MOBILE — DOUBLE JEOPARDY.

The constitutional prohibition against double jeopardy does not prohibit conviction of both unlawfully driving away an automobile and armed robbery where the only property taken is the automobile (MCL 750.413, 750.529; MSA 28.645, 28.797).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Donald Walker,* Assistant Prosecuting Attorney, for the people.

*Arthur L. Morman* and Roderick L. Hurst, in propria persona, for the defendant.

Before: WHITE, P.J., and MICHAEL J. KELLY and W. J. CAPRATHE,* JJ.

MICHAEL J. KELLY, J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645. The trial court sentenced defendant to six to twenty years for the armed robbery conviction and three to five years for the UDAA conviction. Defendant now appeals as of right. We affirm.

I

In lay terms, defendant was convicted of "car-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

jacking." On January 10, 1991, the victim drove to a convenience store to buy some cough drops. She saw defendant in the store, became uncomfortable, and returned to the car. Defendant approached the car, opened the driver's door, and ordered the victim to get out of the car. He was pointing what appeared to be a gun at her. The victim took her wallet with her as she left the car. Defendant then drove away in the car.

Soon thereafter, police spotted the car and pursued it in a high-speed chase that eventually proved unsuccessful. Later that day, police found the car in a lot next to a lounge. Police entered the lounge, where they found defendant and arrested him. The victim immediately identified defendant in a lineup.

Defendant took the stand at trial. His entire testimony consisted of a single statement in which he simply denied that he stole a car on January 10, 1991.

II

Defendant's first argument is that his convictions of both armed robbery and UDAA violate the Double Jeopardy Clause.

The Double Jeopardy Clauses of the Michigan and United States Constitutions provide three separate protections, one of which is the prohibition against imposing multiple punishment for the same offense. *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986); *People v Wakeford,* 418 Mich 95, 103; 341 NW2d 68 (1983); *People v Kaczorowski,* 190 Mich App 165, 168; 475 NW2d 861 (1991).

The protection against multiple punishment for the same offense is designed to insure that the

courts impose sentences within the limits set by the Legislature. The scope of the protection is determined by the definition of "same offense." The Legislature may authorize separate penalties for what otherwise would be the same offense. Cumulative punishment of the same conduct under two different statutes does not violate the Double Jeopardy Clause. [*Kaczorowski, supra* at 168, citing *Sturgis, supra* at 399, 403; citations omitted.]

Defendant urges this Court to resolve the double jeopardy issue under a factual-identity test. Admittedly, under the facts of this case, a jury would have to find defendant guilty of the lesser offense of UDAA in order to convict him of the greater offense of armed robbery. Under the test advocated by defendant, see *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980); *People v Leverette,* 112 Mich App 142; 315 NW2d 876 (1982), this would be enough for defendant to invoke the protection of the Double Jeopardy Clause. However, the factual double jeopardy test was rejected expressly by our Supreme Court in *Wakeford, supra,* and *People v Robideaux,* 419 Mich 458; 355 NW2d 592 (1984). The present test for double jeopardy in a prosecution involving multiple punishment for the same offense is to determine the intent of the Legislature. *Id.* at 485; *Kaczorowski, supra* at 169.

When two statutes prohibit violation of the same social norm, even if in a somewhat different manner, it may be concluded that the Legislature did not intend multiple punishment. However, statutes prohibiting conduct that violates distinct social norms can generally be viewed as separate and as permitting multiple punishment. The key is to identify the type of harm or conduct the Legislature intended to prevent. [*Id.,* citing *Robideaux, supra* at 485-488; citations omitted.]

The analysis outlined by the United States Supreme Court in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), is also a helpful tool of statutory construction in multiple punishment cases. *Sturgis, supra* at 404-405; *Kaczorowski, supra* at 170-171. The *Blockburger* test focuses on whether two separate statutes each include an element the other does not. *Sturgis, supra* at 409.

Under the *Blockburger* test, armed robbery and UDAA are separate offenses. Armed robbery requires the intent to deprive the owner permanently of the property that is the subject of the robbery, whereas UDAA does not. *People v Hendricks,* 200 Mich App 68, 71; 503 NW2d 689 (1993), lv gtd 444 Mich 963 (1994). Nor does UDAA require proof that a weapon was used or that the property was taken from the victim's presence or person. *Id.* On the other hand, UDAA requires that the object of the crime be a motor vehicle and that the vehicle be driven away. *Id.* Armed robbery does not require these elements.

We believe that the statutes for armed robbery and UDAA also concern different social norms and manifest two distinct legislative intents. Armed robbery is primarily an assaultive crime. *Id.* Thus, a separate armed robbery may be charged for each victim in a multiple victim assault, though separate charges for multiple items is not permissible. *Wakeford, supra* at 112-113. UDAA, on the other hand, is a property crime. *Hendricks, supra* at 71-72. If a defendant unlawfully drove away two cars, he could be charged with committing two UDAA offenses, even if both cars were owned by the same person.

Although *Hendricks* addressed whether UDAA was a cognate lesser offense of armed robbery for purposes of a defendant's right to have UDAA

instructions read to the jury, and not for purposes of double jeopardy, the Court's analysis of the elements and legislative purposes of the armed robbery and UDAA statutes is equally applicable here. This Court reached a similar conclusion in a double jeopardy case involving these same crimes, *People v Murph,* 185 Mich App 476, 480-481; 463 NW2d 156 (1990), rev'd with respect to sentencing issue (On Rehearing), 190 Mich App 707; 476 NW2d 500 (1991).

Defendant argues that *Murph* is inapplicable because the defendant in that case stole more than just the car. He also drove away with the victims' wallets, purses, and other valuables, which he specifically had demanded. Under the facts of that case, the armed robbery charge could apply to the theft of other valuables, while the UDAA charged the separate act of driving away the car. However, we decline to distinguish *Murph* solely on a factual basis, because that would apply the very factual-identity test for double jeopardy that our Supreme Court rejected in *Wakeford, supra,* and *Robideaux, supra.*

Accordingly, defendant's conviction of both the armed robbery charge and the UDAA charge was proper under the Double Jeopardy Clause.

III

Defendant next contends that his sentences of six to twenty years for the armed robbery conviction and three to five years for the UDAA conviction are disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Both sentences fall within the sentencing guidelines and are presumptively valid. Because defendant fails to demonstrate any basis for his claim of disproportionality, there is no error.

## IV

Defendant also argues that his conviction of armed robbery should be reversed for insufficient evidence. We disagree.

When reviewing the sufficiency of evidence, this Court considers the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

Specifically, defendant maintains that the fact that he left the car parked in front of a lounge proves he did not intend to deprive the owner permanently of her car. This argument is wholly without merit. Upon taking control of the car, defendant threatened to kill the victim. Shortly thereafter, police pursued the car at high speed. When the car was located in front of the lounge, defendant was inside the lounge. A rational juror could easily infer from such evidence that defendant intended to deprive the owner permanently of her car.

## V

Finally, defendant argues that he was denied effective assistance of counsel both at trial and on appeal.

This Court enunciated the modern test for ineffective assistance of counsel in *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991):

> To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that, under an

objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. Moreover, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Second, the deficiency must be prejudicial to the defendant. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Stammer,* 179 Mich App 432, 438-439; 446 NW2d 312 (1989).

The same standards apply to a claim of ineffective assistance of appellate counsel. *People v Reed,* 198 Mich App 639, 646; 499 NW2d 441 (1993), lv gtd 445 Mich 880 (1994).

With respect to his trial counsel, defendant failed to move for a *Ginther*[1] hearing or a new trial based on ineffective assistance of counsel. Thus, this Court's review is limited to mistakes apparent on the record. *People v Oswald (After Remand),* 188 Mich App 1, 13; 469 NW2d 306 (1991).

Defendant maintains that defense counsel failed to investigate adequately an alibi defense. However, the record makes no reference to any possible alibi witnesses. The record is void of information that might help this Court review the possible effectiveness of an alibi defense. Consequently, a review of the record does not establish ineffective assistance of trial counsel.

We do not believe that defendant is entitled to a remand for an evidentiary hearing so that he may establish the basis for his alibi defense. Defendant does not provide this Court with even a hint of the nature of his alibi defense. In addition, defendant failed to raise the issue at trial either directly, in his own testimony, or indirectly, in a motion for a *Ginther* hearing concerning the reasonableness of

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

defense counsel's alleged failure to investigate the alibi.

With respect to his appellate counsel, defendant asserts that his attorney failed to raise issues and failed to present properly the issues that he did raise. Although appellate counsel's brief provided terse treatment of the issues, the relevant facts and the basic issues were clear. In addition, defendant's supplemental appellate brief, filed in propria persona and prepared by an apparently competent legal assistant, sufficiently apprised this Court of the finer points of defendant's arguments. This Court has examined thoroughly these arguments and has concluded that they are meritless.

As for the other allegations of ineffective assistance of appellate counsel, it is not apparent from the record that the failure to raise additional issues or to state the facts accurately was an error of such magnitude that it rendered appellate counsel's performance seriously deficient. See *Reed, supra* at 647. Defendant has not overcome the presumption that appellate counsel's decision regarding which claims to pursue was sound appellate strategy. *Id.*

Affirmed.

W. J. Caprathe, J., concurred.

White, P.J. *(concurring in part and dissenting in part).* I respectfully dissent from the majority's conclusion that defendant's conviction of both armed robbery and unlawfully driving away an automobile does not violate the Double Jeopardy Clause. In all other respects, I concur in the Court's opinion.

Notwithstanding our Supreme Court's rejection of the factual double jeopardy test and this court's decisions in *People v Hendricks,* 200 Mich App 68;

503 NW2d 689 (1993), lv gtd 444 Mich 936 (1994),[1] and *People v Murph,* 185 Mich App 476; 463 NW2d 156 (1990),[2] in the instant case, defendant's conviction of both armed robbery and UDAA results in double punishment in violation of the Double Jeopardy Clause.

Defendant took the victim's automobile and nothing else. A jury could not have found, as was possible in *Murph,* "that defendant did not intend to take the [automobile] permanently, but merely used it to make his getaway and to transport his ill-gotten booty." *Murph,* p 481.

Under circumstances where the *only* property taken from the victim of a larceny or robbery is an automobile, I would hold that the Double Jeopardy Clause is violated when a defendant is convicted of both UDAA and robbery or larceny.[3]

I would vacate defendant's UDAA conviction as violative of the Double Jeopardy Clause.

---

[1] *Hendricks* addressed the question whether a defendant accused of armed robbery stemming from a carjacking was entitled to an instruction on UDAA. The Court held that UDAA is not a cognate lesser offense of armed robbery and so the defendant was not entitled to the UDAA instruction. *Hendricks* did not address the question whether a defendant can be convicted of both armed robbery and UDAA where the only property taken in the robbery is the automobile.

[2] *Murph* preceded Administrative Order No. 1990-6 and so is not binding. *Murph* is also distinguishable on its facts. *Murph,* p 481.

[3] Were it not for *Hendricks,* I would hold that UDAA is a cognate lesser offense of armed robbery where the object of the larceny is an automobile. It would then follow that if supported by the evidence, either the prosecutor or the defendant would be entitled to an instruction on UDAA, even though not charged, and the jury should be instructed that it may convict on one or the other charge, but not both.

This Court's decision in *Hendricks* can be used as both a sword and a shield. Under *Hendricks,* if a defendant charged with robbery involving an automobile were to testify that the victim left the automobile running at a gas station and the defendant merely borrowed the car intending to return it, the prosecutor would not be entitled to an instruction on UDAA. If the jury were to believe the defendant's testimony, the defendant would be found not guilty of both robbery and the lesser offense of larceny, because the defendant did not intend to deprive the victim permanently of the automobile.