# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 21, 2015

v

AKEI LEVORN CHAPMAN,

Defendant-Appellant.

No. 321000
Wayne Circuit Court
LC No. 13-009215-FC

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*i*), and two counts of third-degree criminal sexual conduct, MCL 750.520d(1)(a). The trial court sentenced defendant to 10½ to 25 years' imprisonment for the first-degree criminal sexual conduct convictions and 5 to 25 years' imprisonment for the third-degree criminal sexual conduct convictions. We affirm.

This case arises from an alleged sexual relationship involving defendant and his young sister-in-law, TB. The sexual nature of the relationship was discovered when defendant's wife discovered a series of sexually explicit electronic communications between defendant and her sister, TB. The admitted explicit conversations all took place after January 1, 2014, when TB was 16 years old and defendant was 32 years old. However, the conversations contained references to events occurring nearly three years prior, at a time when defendant lived with his wife and in-laws, including 14-year-old TB.

At trial, both defendant and TB recounted an event occurring in 2010, mere months after defendant's marriage to TB's sister. Defendant approached TB alone in the kitchen and asked her for a kiss, and she allowed him to kiss her. Their relationship continued, and both parties admitted to engaging in at least the four charged acts of sexual intercourse at some time after the kiss. TB testified that these acts began in 2010, when they engaged in sexual intercourse on the night of their first kiss in the kitchen. Defendant denied any sexual activity with TB on the night he first kissed her, and testified that each of the four charged sexual acts occurred between late 2012 and early 2013, after TB had turned 16 years old.

On appeal, defendant first argues that statements made by the prosecutor during closing arguments regarding his personal distaste for a relationship between not only a 14-year-old girl

and a 29-year-old man, but also a 16-year-old girl and a 32-year-old man, were improper and constituted prosecutorial misconduct. We disagree.

Because defendant did not object to the prosecutor's statements at trial, we review this unpreserved issue for plain error affecting defendant's substantial rights. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Once the plain error test is satisfied, reversal is appropriate only where defendant is actually innocent or if the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003). In determining whether statements made at trial constituted prosecutorial misconduct, the prosecutor's comments should be evaluated in full context, in light of defense arguments and the relationship the comments bear to the evidence presented at trial. *People v Brown*, 267 Mich App 141, 142; 703 NW2d 230 (2005).

Defendant challenges statements made during prosecutor's closing argument regarding the relationship between TB and defendant. After reminding the jury of defendant's testimony regarding his unusually close "friendship" with TB and his retelling of the time he solicited a kiss from the 14-year-old girl, the prosecutor made the following remarks:

> And you don't need a lawyer or any witness to tell you it's not normal for a 29-year-old man to have a good, healthy relationship with a 14-year-old girl. You know, I don't think it's healthy for a 31, 32-year-old man to have a friendship like that with a 16-year-old girl. I don't care if she can consent, that's not healthy. That doesn't just happen. He wasn't just looking at his watch saying, no, she's 16 now, now we can just have sex. That's not how it happened. That's not healthy.

Defendant argues that the prosecutor's expression of personal distaste for the relationship between a 16-year-old girl and a 32-year old man, in addition to his distaste for a relationship between a 14-year-old girl and a 29-year-old man, was meant to impugn defendant and improperly sway the jury. But the prosecutor's remarks merely highlighted facts that defendant himself had testified to. Prosecutors are free to argue the evidence and all reasonable inferences as may relate to their theory of the case, so long as they refrain from making unsupported factual statements. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Prosecutors should not resort to civic duty arguments that appeal to the fears and prejudices of jury members, express their personal opinion of a defendant's guilt, or denigrate a defendant with intemperate and prejudicial remarks. *People v Bahoda*, 448 Mich 261, 283; 531 NW2d 659 (1995). Otherwise, they are afforded great latitude in crafting their arguments and are not required to confine their statements to the blandest possible terms. *Id* at 282.

Defendant testified that he elicited a kiss from TB when she was only 14 and he was 29, that he had done so because he found her "attractive" at the time, and that he continued to find her "attractive" until after she turned 16. Defendant asked the jury to believe that he did not engage in any sexual activity with TB until more than two years after he asked to kiss her, despite the closeness of their relationship.

The prosecutor is permitted to argue rational inferences from the evidence presented in support of his theory of the case, and that is what the prosecutor did here. Defendant admitted

that he engaged in each of the charged sexual acts with TB, and disputed only the timing. If the jury credited defendant's testimony, TB would have been 16 years old at the time of the charged sexual acts and no felony would have been committed. The prosecution's case turned on witness credibility, and the prosecutor simply pointed out what the jury could rationally infer based on the evidence presented—that the relationship between defendant and TB was far from normal or "healthy," and the sexual aspects were unlikely to have developed in the way that defendant described. The prosecutor's remarks were not intended to denigrate defendant or impress upon the jury a civic duty to convict, but merely to point at the weaknesses in defendant's case. These remarks were not improper.

Even if the prosecutor's statements were improper, a new trial would not be warranted. A new trial would be appropriate only where a curative instruction could not have alleviated any prejudicial effect resulting from prosecutor's improper statements. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). In this case, trial counsel's failure to object precluded the trial court's reading of a specific curative instruction. However, the trial court did instruct the jurors after closing arguments that they must only consider the evidence before them, and that any statements made by the attorneys were not evidence. Similar instructions had also been provided during the preliminary instructions. Jurors are presumed to follow their instructions, and curative instructions are sufficient to alleviate the prejudicial effect of most inappropriate prosecutorial statements. *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836 (2003).

Defendant next argues that trial counsel's failure to object to the challenged statements at trial constituted ineffective assistance of counsel. We disagree.

Defendant did not properly preserve the issue of ineffective assistance of counsel because he failed to bring a timely motion for a new trial or move for a *Ginther*[1] hearing in the lower court. *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994). Where the issue has not been properly preserved, review is limited to mistakes apparent on the record. *Id*.

Defendant claims that trial counsel was ineffective because he failed to object to the alleged instances of prosecutorial misconduct at trial. However, as noted above, the prosecutor's comments were not improper, and any objections would have been meritless. Because counsel is not ineffective for failing to raise futile objections, defendant is not entitled to relief on this issue. *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005).

Furthermore, defendant is required to demonstrate prejudice in order to obtain relief for ineffective assistance of trial counsel. *Thomas*, 260 Mich App at 457. Any minimal prejudice was alleviated by the trial court's instructions that the case was to be decided on the evidence and that the statements of counsel themselves were not evidence.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Finally, defendant argues that the trial court did not have authority to impose $600 in "court costs" at sentencing under MCL 769.1k as interpreted by the Michigan Supreme Court in *People v Cunningham*, 496 Mich 145, 852 NW2d 118 (2014). We disagree.

Because defendant failed to object at sentencing, his challenge to the trial court's imposition of court costs is reviewed for plain error. See *People v Dunbar*, 264 Mich App 240, 251; 690 NW2d 476 (2004), overruled on other grounds by *People v Jackson*, 483 Mich 271 (2009).

Defendant is correct that, in *Cunningham*, *supra*, the Michigan Supreme Court held that "MCL 769.1k(1)(b)(ii) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id*. at 158. However, defendant neglects to consider the Legislature's subsequent amendment of MCL 769.1k through 2014 PA 352, which specifically disavows the *Cunningham* decision by its enacting language. This Court recently considered the relationship between *Cunningham*, *supra*, and the amended statute, holding that "the trial court possesses the authority, pursuant to MCL 769.1k, as amended by 2014 PA 352, to order court costs," and that "MCL 769.1k(1)(b)(iii) authorizes the imposition of costs independently of the statute for the sentencing offense." *People v Konopka*, ___ Mich App ___, ____; ___ NW2d ___ (2015); slip op at 2.

Under the revised statute, the court may impose "any cost reasonably related to the actual costs incurred by the trial court," including, but not limited to, salaries for court personnel, necessary expenses for the operation of the court, and expenses of providing legal assistance to the defendant, even when they are not specifically provided for under the charging statute. MCL 769.1k(b)(iii). By the plain terms of its enacting language, the amended statute applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of October 17, 2014. *Konopka*, ___ Mich App at ___; slip op at 6; 2014 PA 352. Defendant was sentenced, and the $600 in court costs were imposed, on March 11, 2014. Therefore, the amended act applies to the trial court's order.

Affirmed.


/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-