# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALDO R. QUADRINI,

Defendant-Appellant.

UNPUBLISHED
June 20, 2017

No. 331223
Macomb Circuit Court
LC No. 2015-001147-FH

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial convictions for resisting or obstructing a police officer, MCL 750.81d, and disturbing the peace, MCL 750.170. Defendant was sentenced to two years' probation and 30 days in jail for the resisting or obstructing conviction, and 30 days in jail for the disturbing the peace conviction. We affirm.

On October 10, 2014, defendant and his father, Rinaldo Quadrini (Rinaldo), went to the office of defendant's attorney, Michael Smith, to confront him regarding a financial dispute. They were driven to the office by defendant's friend Hal Stickeny, who remained outside. Upon arrival, defendant and Rinaldo were told that Smith was unavailable. Defendant demanded to see Smith and refused to leave. Macomb County Sherriff Deputies Frank Parisek and Samer Kato responded to the scene. Parisek encountered defendant and Rinaldo while they were still inside the office building, and he recalled that both were agitated. The deputies took defendant and Rinaldo outside in an attempt to de-escalate the situation, but defendant continued his outbursts after which Parisek told defendant "you're done, you're disorderly." Parisek and Kato then walked defendant to the patrol car.

What happened next is in sharp dispute. On the one hand the two deputies testified that when Parisek attempted to open the rear door of the patrol car, defendant popped the door latch, grabbed the doorframe, and threw the door into him. On the other hand, Stickney and Rinaldo testified that defendant did not slam the car door into either of the officers. Stickney testified that while he was unable to observe who initially lifted the latch, he did see an officer grab the top of the car door and pull back on it. Rinaldo testified that one of the officers grabbed the patrol car door and then "push[ed] [defendant] inside the door like a dog." Defendant also presented evidence that he had a chronic medical condition where his ankles and wrists are fused and cannot bend. He contended that this disability would have prevented him from opening the

-1-

police car door on his own and that, therefore, he could not have slammed it into Parisek. Rinaldo, Stickney, and defendant's wife, Louise Quadrini all testified that defendant's condition makes it difficult for him to do even mundane tasks such as putting on his socks and shoes or buttoning his clothing. Both Rinaldo and Louise testified that, although defendant is capable of opening a car door on his own, it is difficult for him. Louise and Stickney explained that to open a car door on his own, defendant has to put both of his hands underneath the latch and shift his weight backwards. Prior to trial, defendant also filed a motion to allow his doctor to testify via telephone about his condition. The prosecution opposed this motion, and it was denied by the trial court. Defendant argues on appeal that he was deprived of his right to a fair trial when the trial court denied this motion and that his trial counsel was constitutionally ineffective for not taking further measures to procure the doctor's testimony in person at trial.

The trial court's denial of defendant's request was premised on MCR 6.006(C)(2), which states:

> As long as the defendant is either present in the courtroom or has waived the right to be present, upon a showing of good cause, district and circuit courts may use videoconferencing technology to take testimony from a person at another location in the following proceedings:
>
> * * *
>
> (2) with the consent of the parties, trials. A party who does not consent to . . . take testimony from a person at trial shall not be required to articulate any reason for not consenting.[1]

In *People v Duenaz*, 306 Mich App 85, 104; 854 NW2d 531 (2014), we interpreted this rule as requiring both parties consent before a trial court can allow a witness to testify via video or telephone. Accordingly, because the prosecution did not consent to allowing defendant's doctor to testify via telephone, the trial court did not abuse its discretion.[2]

---

[1] The trial court's determination on whether to allow a witness to testify under this rule is reviewed for an abuse of discretion. *People v Buie*, 491 Mich 294, 319-320; 817 NW2d 33 (2012). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. at 320.

[2] Defendant also argues that the trial court erroneously denied his motion on a mistaken belief that the prosecution had a right, pursuant to the Confrontation Clause, to confront the witness. During the hearing on this motion, the trial court stated that because the prosecution did not consent and because the prosecution has the "right to confront the witness also," it had no choice but to deny defendant's motion. It is unclear what exactly the trial court meant by the prosecution having the "right to confront the witness," but nowhere does the trial court cite the Confrontation Clause in relation to MCR 6.006. Regardless, even if the trial court misspoke, or as defendant suggests, did believe that the prosecution had rights under the Confrontation Clause, defendant still cannot show that its ruling fell outside the principled range of outcomes

Concerning defendant's claim of ineffective assistance of counsel, defendant must show first, "that counsel's performance was deficient," and second, that "the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). [3] "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). A substantial defense is one that might have made a difference in the outcome of the proceedings. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). To establish prejudice, a defendant is required to show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694.

Defendant contends that by not presenting his doctor as a witness, defense counsel made it impossible to show that he was medically incapable of committing the offense described by the officers. However, defense counsel did present three witnesses who testified about defendant's physical limitations. These witnesses specifically testified that defendant, while capable of opening a car door, can only do so with difficulty and by putting both his hands underneath the latch and shifting his weight backwards. Although defendant has not presented us with an affidavit from his doctor as to what his specific testimony at trial would have been, presumably, he would also have testified similarly. However, it is unclear how that testimony would have been anything other than cumulative. Accordingly, the failure to call defendant's doctor as a witness did not deprive defendant of a substantial defense, and defendant is not entitled to relief on this basis. [4]

Finally, defendant argues that the trial court deprived him of his right to a fair trial by requesting that he limit the amount of witnesses he planned to present at trial. During the hearing on defendant's motion to have his doctor testify via telephone, the prosecutor informed the trial court that he would be "asking for an offer of proof for each of" the individuals on defendant's witness list. The prosecutor argued that this was necessary because defense counsel had listed 20 or 21 witnesses, and the prosecution believed that the only purpose for presenting so many witnesses was to "gain sympathy." Defense counsel responded by stating that at most eight witnesses would actually be called. The trial court stated that defendant had a constitutional right to present a defense, and then merely suggested to defense counsel that, "if you want to pare down your witness list . . . that would be fine." Thus, because the trial court did

---

because MCR 6.006(C)(2) clearly requires both parties' consent to telephone testimony at trial, and the prosecution did not consent. *Buie*, 491 Mich at 320.

[3] Because no hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), was held our review is limited to mistakes apparent on the record. *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994).

[4] We also reject defendant's request to remand for a *Ginther* hearing. No motion to remand was filed by defendant pursuant to the Court rules. See MCR 7.211(C)(1). Additionally, we were able to evaluate defendant's claim on the basis of the lower court record and are not persuaded that further factual development would result in a different outcome.

not request defense counsel cut witnesses off the witness list, as defendant now suggests, his argument is without merit.[5]

Affirmed.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro

---

[5] There is nothing improper about a trial court giving a party permission to "pare down" a witness list.