# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JESSE KANE MARTIN,

      Defendant-Appellant.

UNPUBLISHED
April 24, 2018

No. 337802
Gladwin Circuit Court
LC No. 16-008731-FH

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] from a judgment of sentence imposing a term of 5 to 15 years of imprisonment for his conviction of second-degree criminal sexual conduct ("CSC II"), MCL 750.520c(1)(h) (mentally disabled victim). We affirm.

In January 2017, defendant entered a guilty plea to the present CSC II charge. He had previously pleaded guilty in 1999 to a charge of CSC II, MCL 750.520c(1)(a), for sexual conduct with a person under the age of 13. At sentencing on the current charge, the trial court determined that the sentencing guidelines range was 12 to 24 months, noting that defendant's prior conviction would have increased the range but that it was not taken into account. The trial court then departed from the advisory guidelines range, stating:

> In order to punish you for what you have done, to attempt to rehabilitate you, to deter others from committing similar acts, and protection of the community, it'll be the sentence of this Court that you be sentenced to the Michigan Department of Correction for a period of five years to 15 years, with credit for two days served.

---

[1] See *People v Martin*, unpublished order of the Court of Appeals, issued May 12, 2017 (Docket No. 337802).

# I. SENTENCING ERROR

Defendant first argues that the sentencing court erroneously considered his former CSC conviction, in contravention of MCL 777.50, and contends that "[t]he 1999 conviction was the only reason stated for rescoring the guidelines that increased [defendant's] sentence to a higher guideline range, from 12-24 months to 36 to 71 months." The claim is without merit.

Defendant failed to object to his sentence at the sentencing hearing and failed to move for resentencing or a remand, and thus his claim of sentencing error is unpreserved. See MCR 6.429(C). Unpreserved errors are reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Therefore, on appeal, defendant bears the burden of showing a clear error that affected the outcome of the trial court proceedings. *Id*.

Defendant argues on appeal that the trial court erroneously considered his 1999 CSC conviction, in contravention of MCL 777.50, and that "[t]he 1999 conviction was the only reason stated for rescoring the guidelines that increased [defendant's] sentence to a higher guideline range, from 12-24 months to 36 to 71 months." The trial court indicated, however, that the "[s]entencing guidelines do not take into account his prior conviction of CSC in the second degree with a person under the age of 13. The [c]ourt finds that if that was taken into account, sentencing guidelines would be 36 to 71 months."

MCL 777.50(1) provides,

> In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

The trial court had a correct understanding of the guidelines and did not score the prior conviction. The sentencing-information report indicates that all prior-record variables were assessed zero points. Therefore, the record indicates that the trial court did not sentence defendant in contravention of MCL 777.50 because the trial court did not account for defendant's prior conviction "[i]n scoring prior record variables 1 to 5." MCL 777.50(1).

Instead, the record makes clear that the trial court understood it could not score the prior conviction and was therefore dealing with an advisory sentencing range of 12 to 24 months, but decided to depart from that range. Although the trial court did consider the prior conviction in departing from the guidelines, defendant has not raised a challenge to the reasonableness of the departure. Ordinarily, this Court will not address issues not raised by the parties on appeal. See *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). Accordingly, we conclude that defendant has failed to establish plain error affecting his substantial rights.

# II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he received ineffective assistance of counsel based on defense counsel's failure to apprise the trial court of the correct sentencing standard which would have

prohibited the trial court from considering defendant's 1999 CSC conviction. This claim is also without merit because, as explained above, the trial court committed no error for counsel to correct with respect to MCL 777.50. See *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991).

Alternatively, defendant argues that counsel failed to object to the trial judge's alleged conflict of interest. Defendant asserts that the trial judge was his defense attorney during the 1999 CSC proceedings. Defendant's claim of ineffective assistance of counsel is unpreserved because he failed to move for a new trial or an evidentiary hearing. *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994). Where a claim of ineffective assistance of counsel is unpreserved, this Court's "review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). To establish ineffective assistance of counsel, defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficient representation prejudiced his defense. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant submitted with his appellate brief an affidavit dated June 11, 2017. The affidavit was not included in the trial court record, nor was it included with his application for leave to appeal in this Court. In his affidavit, defendant alleges that the trial judge was his appointed counsel for a brief period during the 1999 CSC proceedings, and that defendant terminated the representation "over disagreements of how the matter was proceeding" and then hired a different attorney. Because this Court's review is generally limited to the lower court record and expansion of the record on appeal is generally prohibited, *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013), defendant cannot establish his alternative claim of ineffective assistance of counsel with his untimely affidavit, see *Matuszak*, 263 Mich App at 48. In any event, defendant has not shown that the trial judge should have been disqualified under MCR 2.003 or that any former professional relationship between defendant and the trial judge actually affected his sentence.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle